# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LATONYA SIMMS, on behalf of itself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Cause No. 1:14-cv-737-WTL-MJD<br>) |
| EXACTTARGET, LLC, | )<br>) |
| Defendant. | ) |

## PRELIMINARY APPROVAL ORDER

This cause is before the Court on the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 158, as amended by Dkt. No. 161). The Court, being duly advised, hereby finds and orders the following:

1. Unless defined herein, all terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement (Dkt. No. 159-2).

2. The Court has conducted a preliminary evaluation of the Parties' proposed class action settlement (the "Settlement") set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Federal Rule of Civil Procedure 23 for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate over any individual issues, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and her counsel adequately represent the interests of the Settlement Class, and that a class action is a superior method of adjudicating this action. The Court further finds that: (i)

there is good cause to believe that the Settlement is fair, reasonable, and adequate; (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Morton Denlow (ret.) of JAMS; and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

3. Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court certifies the proposed Settlement Class, consisting of: All persons in the United States who received a text message via an ExactTarget texting platform from or on behalf of Simply Fashion during the Class Period (i.e., July 23, 2009, through September 30, 2013). Excluded from the Settlement Class are ExactTarget, its parent companies, affiliates or subsidiaries, or any entities in which such companies have a controlling interest, and any employees thereof; the judge and magistrate judge to whom this case is assigned and any member of those judges' staffs and immediate families; and any persons who timely and validly request exclusion from the Settlement Class.

4. For settlement purposes only, the Court hereby approves the appointment of Plaintiff Latonya Simms as Class Representative.

5. For settlement purposes only, the Court hereby approves the appointment of Ronald A. Marron, Alexis M. Wood, and Kas L. Gallucci of the Law Offices of Ronald A. Marron as Class Counsel and finds that they are competent and capable of exercising the responsibilities of Class Counsel.

6. On **Friday, July 20, 2018, at 1:30 p.m.,** in Room 202, 46 E. Ohio Street, Indianapolis, Indiana, this Court will a hold a Final Approval Hearing on the fairness, adequacy,

and reasonableness of the Settlement Agreement, and to determine whether: (i) final approval of the Settlement should be granted and (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to the Class Representative, should be granted. No later than **May 22, 2018**, the Plaintiff shall file her motion for attorneys' fees and expenses, and no later than **July 6, 2018**, the parties shall file a motion for final approval of the Settlement.

7. Pursuant to the Settlement Agreement, Heffler Claims Group is hereby appointed as Claims Administrator and shall be required to perform all of the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

8. To aid in the efficient submission of claims, the Settlement Agreement allows claimants to submit Claim Forms online without the need for a manual signature. Claimants who submit an electronic Claim Form shall be bound to the same extent as if they had used a manual signature and the Claim Form will contain a statement to that effect. All Claim Forms must be submitted online to the Settlement Website or postmarked no later than the Claims Deadline, which is **June 12, 2018**.

9. The Court approves the proposed plan for providing Notice to the Settlement Class by (i) Direct Notice through email or U.S. mail to the last-known addresses (electronic and/or physical) of the Settlement Class members; (ii) the creation of the Settlement Website, as more fully described in the Settlement Agreement; and (iii) Internet Banner (Publication) notice as needed to accomplish sufficient reach. The plan for giving Notice fully complies with the requirements of Rule 23 and due process in form, method, and content; constitutes the best notice practicable under the circumstances; and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Claims Administrator to initiate Direct Notice and launch the Settlement Website by **March 14, 2018**.

10. All persons who otherwise meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than the Opt-Out deadline, which is **June 5, 2018**. To be valid, any request for exclusion must be sent to the Claims Administrator and postmarked on or before **June 5, 2018**. The request for exclusion must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and must include the individual's name, his or her address, the name of the action (i.e., *Simms v. ExactTarget, LLC*), a statement that he or she wishes to be excluded from the Settlement Class, and the cellular telephone number on which he or she allegedly received a text message sent by or on behalf of Simply Fashion from an ExactTarget texting platform during the Class Period. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified shall be invalid, and the person making the invalid request shall remain a member of the Settlement Class and shall be bound as Settlement Class Members by the Settlement Agreement, if finally approved.

11. Any member of the Settlement Class may comment in support of, or in opposition to, the Settlement at his or her own expense; provided, however, that all comments and/or objections must be sent to the Clerk of the Court and postmarked no later than the Objection Deadline, **June 5, 2018**. Any member of the Settlement Class who wishes to object to the Settlement Agreement must include in his or her signed, written objection: (i) his or her full name, address, and current telephone number; (ii) the reasons for his or her objection; and (iii) to ensure membership in the Settlement Class, the cellular telephone number(s) on which he or she allegedly received a text message sent by or on behalf of Simply Fashion from an ExactTarget texting platform during the Class Period. Any Settlement Class Member who objects may appear at the Final Approval

Hearing, either in person or through an attorney hired at his or her own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A Settlement Class Member or his or her attorney who wishes to speak at the Fairness Hearing must so state in his or her written objection or submit a separate notice of intention to appear to the Clerk of the Court no later than **June 5, 2018**.

12. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent (if any) to appear at the Final Approval Hearing in accordance with the terms of Paragraph 11 above and as detailed in the Notice will not be permitted to object to this Settlement at the Final Approval Hearing, will be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding, and will be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

13. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order are not and shall not in any event be construed, deemed, used, offered, or received as evidence of an admission, concession, or evidence of any kind by any person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. ExactTarget has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for purpose of enforcing the Settlement Agreement.

14. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

SO ORDERED: 2/12/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification